**NOT FOR PUBLICATION**                                          <u>**CLOSED**</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELVIS QUIROZ-ROSARIO, | : | |
| | : | Civil Action No. 11-2803 (FSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION and ORDER** |
| | : | |
| ERIC HOLDER, JR., et al., | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Elvis Quiroz-Rosario
Essex County Correctional Facility
354 Doremus Ave.
Newark, NJ 07105

**HOCHBERG,** District Judge

   Petitioner, an alien in the custody of the United States Immigration and Customs Enforcement ("ICE") and confined at Essex County Correctional Facility in Newark, New Jersey, has submitted for filing to the Clerk of this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an application to proceed in forma pauperis.  Petitioner contends that he is a native citizen of Peru and that his indefinite detention in lieu of deportation is unconstitutional.  The named respondents are Eric Holder, Jr., (United States Attorney General) and John Tsoukaris (Acting Director for ICE).

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  "[T]hese provisions contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  <u>Wales v. Whitney</u>, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

<u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-436 (2004) (citations omitted).[1]

In the context of alien detainees, the Court of Appeals for the Third Circuit has held,

---

[1] In <u>Padilla</u>, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court.  542 U.S. at 435-36, n.8, 9.

2

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). See also Kholyavskiy v. Achim, 443 F.3d 946 (7th Cir. 2006) (citing Yi, and reaching same result, after Padilla).

Thus, under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." See also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973).

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241.

3

> Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

It appearing that:

1. Petitioner has been detained for an extended period and does not have any assets or income from which to pay court costs and fees; and

2. Petitioner has failed to name as a respondent an indispensable party, the warden of the facility in which he is confined;

IT IS on this 23rd day of May, 2011,

ORDERED that Petitioner's application to proceed in forma pauperis is hereby granted pursuant to 28 U.S.C. § 1915(a); and it is further

ORDERED that the Petition shall be DISMISSED without prejudice; and it is further

ORDERED that, if Petitioner wishes to reopen this action, he shall so notify the Court within 45 days of the date of entry of this Order, in writing addressed to the Clerk of the Court, M.L. King, Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102; Plaintiff's writing shall include an

4

amended petition naming the warden of the facility in which he is confined as a party respondent; and it is finally

    ORDERED that the Clerk of the Court shall close the file in this matter.

<u>s/ Faith S. Hochberg</u>
Faith S. Hochberg
United States District Judge
